```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TROY GIBSON,

                          Plaintiff,

              -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
TIMOTHY SINI, GERARD GIGANTE, JOHN
O'BRIEN, MICHAEL PIRONE, JOHN BARRY,
and JOANN MACLAUGHLIN,

                          Defendants.
----------------------------------------------------------------X
```

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-03871 (JMA) (ST)

**FILED**
**CLERK**
2/22/2021 12:09 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Troy Gibson ("Plaintiff") commenced this action against the Suffolk County Police Department ("SCPD"), Timothy Sini, Gerard Gigante, John O'Brien, Michael Pirone, John Barry, and JoAnn McLaughlin (collectively, "Defendants"), on July 3, 2019. (ECF No. 1.) Plaintiff seeks relief for Defendants' alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981 and 1983, as well as for conversion and replevin. Defendants filed a partial motion to dismiss Plaintiff's Title VII, Section 1983, conversion, and replevin claims, asserting that those claims are in whole or in part time-barred. (ECF No. 17.)

On May 27, 2020, the Court referred the partial motion to dismiss to Magistrate Judge Steven Tiscione for a Report and Recommendation ("R&R"). (Electronic Order, 5/27/2020.) Judge Tiscione issued an R&R dated December 14, 2020, which recommends that Defendants' motion to dismiss be granted as to Plaintiff's Title VII, conversion, and replevin claims because those claims are time-barred. The R&R concluded that Plaintiff's Section 1983 claims were timely and, thus, recommends denying the motion as to that claim. (ECF No. 42.) Plaintiff filed a timely objection to the R&R, to which Defendants filed a response in opposition. (ECF Nos. 43, 44.)

1

After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Tiscione's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Tiscione's R&R to which there are no specific objections. In particular, Judge Tiscione recommended denying Defendants' motion to dismiss Plaintiff's Section 1983 claims. Applying clear error review, the Court adopts Judge Tiscione's recommendation regarding the Section 1983 claims.

I next address the portions of the R&R to which Plaintiff has objected. For Plaintiff's objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

Plaintiff argues that the R&R overlooked a post-retirement meeting between Plaintiff and SCPD Investigator Hanley on June 14, 2018, which Plaintiff asserts is relevant to both the existence of a continuing violation and the applicability of equitable estoppel. First, this argument has been waived as Plaintiff—who has since retained new counsel—did not raise these arguments about the June 14, 2018 meeting in his original briefing opposing the motion to dismiss. "I will

not consider an argument that was 'not properly presented to the magistrate judge in the underlying motion papers' and was instead raised for the first time in an objection." Beni v. New York, No. 18-CV-615, 2019 WL 4894243, at *1 (E.D.N.Y. Sept. 30, 2019) (quoting Brand v. AIG Ins. Co., No. 15-CV-6286, 2018 WL 4344973, at *1 (E.D.N.Y. Sept. 11, 2018)).  Second, even if these arguments had not been waived, they are substantively meritless as neither Plaintiff's original complaint nor his first amended complaint provide any details concerning this meeting.  See First Am. Compl. ¶ 93 ("After he departed the SCPD, Plaintiff's attorneys contacted the SCPD to reiterate Plaintiff's complaints about the discriminatory conduct against him, and in June 2018, Plaintiff met with Departmental Inspector Hanley for an interview."); Compl. ¶ 89 (same).  Plaintiff's objection contains various claims about the meeting that are found nowhere in these complaints.[1]

Plaintiff also raises arguments about the purported effect of the EEOC's right-to-sue letter on the statute of limitations.  Plaintiff waived these arguments by not raising them in his original opposition to the motion to dismiss.  Additionally, those arguments are also meritless.

Based on the foregoing, the Court adopts Judge Tiscione's R&R in its entirety as the opinion of this Court.  Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: February 22, 2021
       Central Islip, New York

                                                /s/  (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE

---

[1] After filing his objection, Plaintiff filed a motion to amend, seeking permission to file a second amended complaint. That motion is pending before Magistrate Judge Tiscione.