UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

TROY GIBSON

        Plaintiff                                  Case No.: 2:19-cv-3871

   -v-


THE COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, TIMOTHY SINI,
GERARD GIGANTE, JOHN O'BRIEN,
MICHAEL PIRONE, JOHN BARRY,
JOANN MCLAUGHLIN, JAMES BURKE, JAMES
HICKEY, WILLIAM MADIGAN, AND MICHAEL
MESSINA

        Defendants
_____


## DECLARATION OF STEPHANIE MC CLURE
## IN SUPPORT OF
## HER MOTION TO WITHDRAW AS COUNSEL


Date: February 3, 2023
New York, New York

                                /s/ Stephanie McClure (SM8693)
                                Attorney for Plaintiff
                                101 Avenue of the Americas; 9th Fl
                                New York, New York 10013
                                (646) 417-8380

                                Stephanie@nycnjlawyer.com

I, STEPHANIE MC CLURE, an attorney at law in the state of New York, duly licensed to practice law before this honorable court, hereby declare as follows under penalty of perjury.

1. I am the attorney for plaintiff in the above captioned matter.

2. I make this declaration based upon personal knowledge and upon information and belief, the basis of which are my discussions with my client and knowledge of the circumstances relating to the preparation and litigation of this matter.

3. Without waiving my client's right to confidentiality pursuant to the attorney-client privilege, I am disclosing the *nature* and existence of current disagreements and impasses which make continued representation impossible.

4. The undersigned has given plaintiff advice regarding litigation, discovery, trial strategy, and burdens of proofs, and has explained plaintiff's obligations pursuant to the Federal Rules of Court. I have also explained my duties as an officer of the court under the RPCs, such as my duty of candor to the tribunal and to litigate the matter in good faith and in observance of the Rules of Court that bind plaintiff in this matter.

5. I have counseled plaintiff *ad nauseum* with regard to a number of <u>critical</u> aspects of litigation and compliance, as well as duties and burdens of proof as plaintiff in this matter.

6. Plaintiff has made it clear that he **<u>requires</u>** certain courses of action, with which the undersigned fundamentally disagrees, despite my repeated best efforts to explain the urgency and importance of following a different course. Plaintiff has refused to discuss certain critical matters any further and has expressly cut-off communication in regard to these crucial topics of compliance and litigation.

7. Plaintiff and I have reached an impasse on multiple issues that, in this firm's opinion, create *more* than an "unreasonable difficulty," in representation; but rather, our impasses are of

such a nature that continued representation would create a conflict of interest in this firm's prudent opinion.

8. I have spoken with plaintiff regarding the necessity of my withdrawal due to our disagreements. He has not provided consent. Rather, he has continued to remain absolutely steadfast in his positions.

9. Plaintiff insists upon certain courses of action with which the undersigned has fundamental disagreements. In addition, plaintiff and counsel have had an irreconcilable breakdown of communication which cannot be overcome, making continued representation absolutely impossible. N.Y. Rules of Professional Conduct 1.16(c)(4) and (7).

10. The undersigned is not seeking a charging lien or retaining lien on this case.

11. A trial date has never been scheduled.

12. No hearing dates are presently scheduled.

13. There are no pending filing deadlines or scheduled appearances.

14. No depositions are scheduled and fact discovery has not closed. In fact, depositions have not yet begun.

15. Withdrawal of counsel is mandatory, in the undersigned's opinion as per paragraph 7 above. However, even if viewed as *permissive,* in the light of paragraph 10 above, withdrawal must be granted. Under the above circumstances, continued representation is impossible and withdrawal can be accomplished without any material adverse effect on the interests of the client.

16. If the court requires more information, I will make myself available to review the matter *in camera* and *ex parte* as may be required.

17. I hereby swear and affirm that the above information is true and accurate and am aware that if any such information is willfully false I may be subject to punishment.

18. I further certify that a copy of this letter motion and declaration have been served upon all counsel of record, and the plaintiff, at the addresses reflected in ECF for communication and to the addresses used throughout the course of my attorney-client relationship with the plaintiff.

**CONCLUSION**

For the foregoing reasons, Stephanie Mc Clure, Esq. respectfully requests this court issue an Order granting her withdrawal as counsel for plaintiff.

Dated: February 3, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Stephanie Mc Clure*
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　STEPHANIE MC CLURE, ESQ. (8693)
　　　　　　　　　　　　　　　　　　　　　　101 Avenue of the Americas; 9th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10013
　　　　　　　　　　　　　　　　　　　　　　Tel: 646-417-8380
　　　　　　　　　　　　　　　　　　　　　　Stephanie@nycnjlawyer.com